933 So.2d 690 (2006)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
O.C., A Child, Respondent.
No. 5D06-1197.
District Court of Appeal of Florida, Fifth District.
July 21, 2006.
*691 Ralph J. McMurphy, Wildwood, for Petitioner.
No Appearance for Respondent.
ORFINGER, J.
In this juvenile delinquency proceeding, the Department of Children and Families ("DCF") seeks certiorari review of the trial court's order committing O.C., a child, to DCF for the purposes of restoring competency. For the reasons stated below, we grant the petition for writ of certiorari, quash the order of commitment, and remand for further proceedings.
From what we can learn from the limited record before us, O.C. was charged with a delinquent act. During the proceedings, the trial court found that O.C. was incompetent to proceed due to mental retardation, but was not presently a danger to himself or others. The court entered an order committing O.C. to DCF for restoration of competency. The court determined that O.C. did not meet the criteria for secure placement in a DCF training program for mentally retarded children. Instead, the trial court ordered that O.C. be placed in a community treatment program, as permitted by section 985.223(6)(a), Florida Statutes (2005), which the court found to be the least restrictive, most appropriate type of program available for O.C., consistent with the needs of public safety.
DCF then filed the instant petition for writ of certiorari, arguing that O.C.'s commitment to DCF is contrary to the provisions of section 985.223. DCF argues that according to section 985.223(1)(b), the trial court is required to make findings of fact based on an evaluation by not less than two and not more than three experts. DCF asserts that in this case, although the trial court's order refers to written reports, there was only one report, that of a Dr. Legum. Therefore, DCF asks this Court to quash the order of commitment to DCF, as it is in contravention to the requirements of section 985.223(1)(b).[1]
Certiorari is the appropriate remedy to review a trial court order committing an incompetent juvenile who has been accused of delinquent acts. See, e.g., Dep't of Children & Family Servs. v. A.A.ST.M., 706 So.2d 367 (Fla. 5th DCA 1998). The standard of review is whether the trial court's order departs from the essential requirements of law. See, e.g., Belair v. Drew, 770 So.2d 1164, 1166 (Fla. 2000) ("For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment.").
We conclude that the trial court departed from the essential requirements of the law in ordering O.C.'s placement with DCF. The record does not reflect that the trial court complied with procedural requirements of the statute, which requires all determinations of competency be made at a hearing based upon the evaluation of not less than two and not more than three experts. § 985.223(1)(b), Fla. Stat. (2005). Because the trial court's findings are not supported by the reports of at least two experts, the order departs from *692 the essential requirements of the law. Accordingly, we grant the petition for writ of certiorari, quash the order of commitment, and remand for further proceedings.
PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER OF COMMITMENT QUASHED.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] This Court ordered O.C. to show cause why the writ should not be granted, but no response was filed.