PER CURIAM.
Lewis Gatlin filed a petition for writ of habeas corpus challenging the trial court’s *203 order finding him incompetent to proceed in a criminal case and directing that he be involuntarily committed to the Department of Children and Family Services (DCF). By order, we treated the petition as a petition for writ of certiorari[1] and granted relief. We write to explain our decision.
Gatlin was charged with robbery. The trial court entered an order for competency evaluation and psychiatric evaluation return, appointing two mental health experts to determine whether Gatlin was competent to proceed to trial. At the competency hearing, the parties stipulated that the reports of the experts be considered as evidence, and neither party presented any live testimony. The trial court did not call any witnesses either. In a competency evaluation report, Fred Farza-negan, Ph.D., recommended that Gatlin be found incompetent to proceed to trial and that he be sent to a community-based restoration program for treatment. Dr. Far-zanegan opined that Gatlin could be restored to competency within six months. Debra Goldsmith, Ph.D., opined that Gatlin was incompetent to stand trial and that he would benefit from a refresher course at a local mental health facility. Dr. Goldsmith diagnosed Gatlin as having a major depressive disorder with psychotic features.
After the competency hearing, the trial court entered an amended order finding Gatlin incompetent and committing him to DCF. In its findings of fact, the trial court correctly stated that the experts had determined that Gatlin should not be involuntarily committed to DCF for treatment. In its conclusions of law, the trial court found that Gatlin was mentally ill and that he was incompetent to proceed. However, the trial court also found that “[a]ll available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of [Gatlin’s] condition [had] been judged to be inappropriate.” See § 916.13(l)(b), Fla. Stat. (2011).
If there is an issue regarding a defendant’s competency, at least two mental health experts must examine the defendant to determine whether he or she is competent to proceed to trial. § 916.12(2). In accordance with section 916.13(1):
Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
(a) The defendant has a mental illness and because of the mental illness:
1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant’s well-being; or
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;
(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the defendant’s condition have been judged to be inappropriate; and
*204 (c) There is a substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.
(Emphasis added.)
The trial court’s finding that less restrictive alternatives to involuntary commitment, including treatment in community residential facilities or community inpatient or outpatient settings, were judged to be inappropriate is not supported by clear and convincing evidence. In fact, both mental health experts recommended that community-based facilities be used to treat Gatlin’s condition.[2] Neither expert determined that involuntary commitment to DCF was necessary. Accordingly, in our earlier order granting relief, we left undisturbed the trial court’s finding that Gatlin is incompetent to proceed but quashed that portion of the order involuntarily committing him to DCF. Because Gatlin is incompetent to proceed but his involuntary commitment to DCF was not authorized under section 916.13(1), we directed the trial court to hold a hearing to determine the appropriate mental health treatment for Gatlin in accordance with Florida Rule of Criminal Procedure 3.212(c)(1), (2), and (d).
Petition granted.
WHATLEY, KELLY, and WALLACE, JJ., Concur.

. See Oren v. Judd, 940 So.2d 1271, 1272 n. 1 (Fla. 2d DCA 2006).

. The trial court made various findings in accordance with section 916.13(l)(a) that are not supported by clear and convincing evidence. These findings, however, do not affect our resolution of this case.