CIKLIN, J.
In this case, the trial court adjudicated D.V. incompetent to proceed based on the evaluation of one expert appointed by the court and one expert appointed by the Department of Children and Families (“DCF”). We determine that the court erred because section 985.19(1)(b), Florida Statutes (2011), requires that the court base its competency determination on the evaluations of at least two experts appointed by the court. Accordingly, we reverse and remand the case for a new competency hearing with instructions to the trial court to appoint a second expert.
In January 2012, D.V. allegedly threatened school personnel after returning from an unauthorized absence. About seven weeks later, D.V. allegedly slapped another student. The state charged D.V. by two petitions for delinquency for knowingly interfering with the administration or functions of an educational facility, a second-degree misdemeanor, and battery, a first-degree misdemeanor.
D.V. had previously been adjudicated incompetent to proceed following D.V.’s alleged commissions of prior crimes, including at least one felony. As part of its own requirements, DCF (through a subcontractor) hired an expert to evaluate D.V. and make a determination as to whether he was still incompetent to proceed relating to the older charges. The expert evaluated D.V. in early 2012, before D.V. allegedly committed the battery. The expert determined that D.V. was incompetent to proceed in relation to the older charges and the expert produced a written report with his findings.
D.V.’s counsel filed two motions to determine competency in relation to the two misdemeanor charges. The motions noted that D.V. had already been adjudicated incompetent in the past. The motions also stated that D.V. had recently been evaluated and “it is the finding of that evaluation that [D.V.] remains Incompetent to Proceed.” The motions to determine competency were consolidated for both delinquency petitions.
The trial court appointed an expert to evaluate the mental condition of D.V. and determine whether he was competent to proceed in relation to the two misdemeanors. The court-appointed expert deter- *236 minp.fi that D.V. was not competent to proceed, although the expert’s findings differed somewhat from the expert retained by DCF.
The court then held a competency hearing. The court asked the state whether it would agree to a determination of incompetency, and the state refused to stipulate. The state requested that another expert be appointed by the court to evaluate D.V., which the state argued was required under section 985.19(l)(b). The state provided no reason for distrusting the conclusions of the expert appointed by DCF, apart from the argument that the expert was not appointed by the court.
The court announced that it was finding D.V. incompetent to proceed based upon the evaluations of the expert appointed by the court and the expert appointed by DCF. The court stated, “I don’t see why we would need to spend another thousand dollars of the taxpayers’ money just to do it to say that we paid for it as opposed to the Department of Children and Families paying for it.”
The court entered written orders for each of the charged misdemeanors, which apart from the two different case numbers, were identical. The orders stated, “There is a stipulation of counsels that [D.V.] remains incompetent to proceed to trial....” The orders relied on the evaluations of the expert appointed by the court and the expert appointed by DCF, but the orders stated that both experts were appointed by the court. The orders also both stated that “[t]he child ... is charged with a felony.”
“A trial court’s decision regarding competency will stand absent a showing of abuse of discretion.” Alston v. State, 894 So.2d 46, 54 (Fla.2004) (citation omitted). “[A] matter of statutory interpretation ... is a question of law subject to de novo review.” Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005) (citation omitted).
Chapter 985 of the Florida Statutes provides a straightforward procedure for the determination of competency in a juvenile delinquency case:
All determinations of competency shall be made at a hearing, with findings of fact based on an evaluation of the child’s mental condition made by not less than two nor more than three experts appointed by the court. The basis for the determination of incompetency must be specifically stated in the evaluation. In addition, a recommendation as to whether residential or nonresidential treatment or training is required must be included in the evaluation. Experts appointed by the court to determine the mental condition of a child shall be allowed reasonable fees for services rendered. State employees may be paid expenses pursuant to s. 112.061. The fees shall be taxed as costs in the case.
§ 985.19(1)(b), Fla. Stat. (2011) (emphasis added).
The Florida Rules of Juvenile Procedure further describe the appointment of experts in juvenile delinquency cases:
When a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing, hearing on violation of juvenile probation, or a hearing to determine the mental condition of the child, the court may on its own motion, and shall on motion of the state or the child, appoint no more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency or sanity of the child at the time of the commission of the alleged delinquent act or violation of juvenile probation. Attorneys for the state and the child may be present at *237 the examination. An examination regarding sanity should take place at the same time as the examination into the competence of the child to proceed, if the issue of competency has been raised. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at the adjudicatory hearing, hearing on violation of juvenile probation, or at the hearing to determine the mental condition of the child.
Fla. R. Juv. P. 8.095(c)(1) (emphasis added).
We determine, based on the plain language of the statute and rule, that the court must base its decision determining the competency of a juvenile on the evaluations of at least two experts whom the court appoints. In this case, the court only appointed one of the experts; thus the orders adjudging D.V. incompetent to proceed were erroneous. We appreciate and fully understand the trial court’s laudatory goal of avoiding an unnecessary expenditure of taxpayer money by being required to “officially” appoint a second expert, but the court must follow the plain language of the statute. To do otherwise would be an abrogation of legislative power.
We also note that both orders erroneously included language indicating the state stipulated to the findings of incompetency. The orders also mistakenly indicated that both experts were appointed by the court. Finally, the orders incorrectly indicated that D.V. was charged with a felony, but both of the charges at issue in this case were misdemeanors.[1]
In light of our holding, we find it unnecessary to address the state’s argument that the trial court impermissibly relied on reports that were not in evidence.

Reversed and remanded with instructions.

STEVENSON and GERBER, JJ., concur.

. While we fully understand the hectic nature of managing congested and unwieldy trial dockets, we suggest that the use of "boilerplate” forms without properly ensuring accuracy can ultimately lead to unnecessary litigation.