The Department of Children and Families (“DCF”) seeks a writ of certiorari to quash the trial court’s orders adjudicating a criminal defendant, Becky Lotton (“Defendant”), incompetent and committing her to DCF’s custody. After Defendant repeatedly exhibited very unusual behavior in court, in jail, and in communication with her appointed attorney, the trial court entered a detailed order that adjudicated her incompetent to proceed and ordered her committed to DCF’s care. The ruling was made without benefit of any expert evaluations, reports or testimony. The trial court is commended for recognizing and reacting to the Defendant’s abnormal behavior and questionable competence. However, the trial court departed from the essential requirements of the law by failing to follow clearly established procedures, first when declaring Defendant incompetent, and second, when ordering her committed to DCF. We grant the writ, quash the orders in question, and remand for further proceedings.
Appropriateness of Certiorari
“As a general rule, certiorari is the proper vehicle for seeking this court’s review of orders committing an individual involuntarily.” In re Commitment of Reilly, 970 So.2d 453, 455 (Fla. 2d DCA 2007). “Although the Department was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available.” Dep’t of Child. & Fams. v. Harter, 861 So.2d 1274, 1275 (Fla. 5th DCA 2003). “[T]o obtain a writ of certio-rari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.” Reilly, 970 So.2d at 455 (alteration in original) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)).
Here, Defendant was charged with battery upon a law enforcement officer, a felony. The trial court noted that Defendant exhibited very unusual courtroom behavior such as refusing to leave the jury box during two hearings, denying any problems, and failing to understand why she needed a lawyer. She had to be tricked into coming out of the elevator to attend another hearing. At a later hearing, she sat at the counsel table, but turned her back to the court and hummed loudly throughout the proceedings. At one point, her public defender advised the court that when he went to visit Defendant, she was carrying on a rather loud conversation with herself. Defendant’s abnormal courtroom behavior has not been disputed.
The trial court sua sponte ordered Defendant’s competency to be evaluated by one court appointed expert, Dr. Williamson. However, when the expert went to the jail to perform an evaluation, Defendant refused to leave her cell and would not meet with the doctor. Thus, Dr. Williamson did not conduct an evaluation on that date. Instead, he wrote a letter to the court advising of Defendant’s refusal to attend the evaluation, and relayed that jail personnel told him that Defendant was “agitated.”
Shortly after receiving Dr. Williamson’s letter, the trial court entered an order reciting specific unusual behaviors that Defendant had exhibited over the course of several appearances. In that same order, the trial court ruled that Defendant was incompetent to proceed due to her mental illness as defined in section 916.106(13), *986 Florida Statutes (2014), and further that Defendant met the criteria for involuntary placement with DCF pursuant to section 916.13(1), Florida Statutes (2014).
In an amended order, the trial court expanded on its previous remarks about Defendant’s behavior. Based upon the trial court’s observations noted above and Dr. Williamson’s failed evaluation attempt, Defendant was again adjudged to be incompetent to proceed. Without benefit of any expert evaluations, the trial court found by “clear.and convincing evidence,” inter alia, that Defendant has a mental illness that requires treatment, that she poses a real and present danger to herself and others, and that there is a substantial probability that her mental illness will respond to treatment so that she will regain competency to proceed in the reasonably foreseeable future. Furthermore, the trial court expressed that simply keeping Defendant confined to her cell without treatment would not be helpful. The trial court ordered her committed to DCF. A petition for writ of certiorari was timely filed by DCF, seeking to quash the original and amended orders that adjudicated Defendant mentally incompetent to stand trial and committed her to DCF.
Departure from Essential Requirements of Law
First, we find that the trial court departed from the essential requirements of the law in how it went about determining that Defendant was not competent to proceed. We agree with the trial court that Defendant’s described courtroom behaviors were unusual and raised concerns about her competency to proceed. However, there are clearly established procedures that must be followed when a defendant’s competency is questioned. To make this determination, section 916.12(2) states that the defendant shall be evaluated by no fewer than two experts before the court takes any action under chapter 916 or the rules of criminal procedure. See also Gatlin v. State, 79 So.3d 202, 203 (Fla. 2d DCA 2012) (“If there is an issue regarding a defendant’s competency, at least two mental health experts must examine the defendant to determine whether he or she is competent to proceed to trial.”). Here, only one expert was appointed and he was-unable to examine or evaluate Defendant on a single occasion. Nothing in the record indicates that Dr. Williamson made any further attempt to evaluate her, nor did he advise the trial court that any further efforts would be futile. Both section 916.12(2)-(4) and rule 3.211(a) state that the experts shall examine the defendant and mandate the contents and findings that are necessary in the experts’ reports. § 916.12(3)-(4), Fla. Stat. (2014); Fla. R. Crim. P. 3.211(a)-(c)'.
In Department of Children and Families v. O.C., 933 So.2d 690 (Fla. 5th DCA 2006), this Court granted the petition for writ of certiorari and quashed the order of commitment because the relevant statute required the trial court to make findings of fact based on an evaluation by not less than two and not more than three experts. The trial court relied on a single expert’s report. Id. at 691. The aforementioned case involved a juvenile, but the statutory requirement is similar enough that this court’s reasoning for granting the writ is analogous.
We conclude that the trial court depart-, ed from the essential requirements of the law in ordering O.C.’s placement with DCF. The record does not reflect that the trial court complied with procedural requirements of the statute, which requires all determinations of competency be made at a hearing based upon the evaluation of not less than two and not more than three experts. Because the trial court’s findings are not supported by the reports of at least two experts, *987 the order departs from the essential requirements of the law.
Id. at 691-92.
Here, there were no expert examinations, evaluations, or reports upon which the trial court could base its decision that Defendant was incompetent. Thus, in this respect the trial court departed from the essential requirements of the law.
Second, we conclude that the trial court departed from the essential requirements of the law in committing Defendant to DCF’s custody. Even a properly made decision that a defendant is mentally incompetent does not, by itself, justify commitment to DCF. The trial court is required by rule and statute to make further determinations, based upon evidence presented, before ordering commitment. Florida Rule of Criminal Procedure 3.212(c) compels the court to consider treatment options necessary to restore competency, including commitment. The court may commit the defendant if it finds that:
(A) the defendant meets the criteria for commitment as set forth by statute;
(B) there is a substantial probability that the mental illness or intellectual disability causing the defendant’s incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future;
(C) treatment appropriate for restoration of the defendant’s competence to proceed is available; and
(D) no appropriate treatment alternative less restrictive than that involving commitment is available.
Fla. R.Crim. P. 3.212(c)(3).
Under section 916.13, Florida Statutes (2014), the defendant may be committed upon finding by clear and convincing evidence that:
(a)The defendant has a mental illness and because of the mental illness:
1. The defendant is manifestly- incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant’s well-being; or
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;
(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the defendant’s condition have been judged to be inappropriate; and
(c) There is a substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in. the reasonably foreseeable future. ■
§ 916.13, Fla. Stat. (2014).
Here, the trial court did not ignore the above-stated criteria for commitment. Indeed, the amended order addressed the requirements and made specific findings that were consistent with ordering Defendant to be committed. Nevertheless, because there was no evidence presented to the trial court to support the findings it made, the trial court departed from the essential requirements of the law by ordering commitment. Under section 916.13, the findings necessary for commitment must be based on experts’ opinions because they involve the diagnosis and treat *988 ment of mental illness. Without reports or testimony from experts who examined and evaluated the defendant, no trial court can be in a position to make the appropriate findings, supported by clear and convincing evidence.
In Department of Children and Families v. Ewell, 949 So.2d 327, 328 (Fla. 5th DCA 2007), this Court granted certiorari and quashed the commitment order because the only expert who examined the defendant opined that the defendant could not reach competency through treatment, which is a statutory requirement for commitment. “Because there was no evidence presented below to support [the defendant’s] commitment pursuant to section 916.13(1)(C), we find the trial court departed from the essential requirements of the law by ordering [the defendant’s] commitment for competency restoration.” Id; see also M.H. v. State, 901 So.2d 197, 200 (Fla. 4th DCA 2005) (recognizing that “[w]here competent, substantial evidence does not support the trial court’s finding regarding competency or involuntary commitment, the trial court has departed from the essential requirements of the law”).
Material Injury
DCF suffered material injury because Defendant’s commitment interfered with DCF’s responsibility to expend its appropriated funds in accordance with the laws governing DCF. See Dep’t of Child. & Fam. Servs. v. State, 124 So.3d 430, 433 (Fla. 2d DCA 2013). Additionally, DCF asserts that requiring it to accept inappropriate commitments could overwhelm DCF’s facilities and deplete its resources.
No Remedy Available on Appeal
DCF’s injury cannot be corrected on appeal because there is no right of direct appeal for DCF. Dep’t of Child. & Fam. Servs. v. Ramos, 82 So.3d 1121, 1124 (Fla. 2d DCA 2012) (“[W]e conclude that this departure caused a material injury without remedy. The Department has exhausted its viable options before the trial court, and because the Department is not a party to the criminal proceeding, it cannot seek a remedy on direct appeal.”). In Department of Children and Families v. Clem, 903 So.2d 1011 (Fla. 5th DCA 2005), it was noted that under circumstances where a defendant has been properly committed, [DCF] would have an available remedy provided by section 916.13(2) to report to the trial court, not later than six months following the date of admission, that either the defendant has regained competency or no longer meets the criteria for continued commitment. Id. at 1013-14. Clem is not applicable to this case at the current stage of the proceedings because Defendant was not properly committed initially.
Ruling
DCF has shown in all respects that it is entitled to relief by way of certiorari. We quash the trial court’s order and amended order that adjudicated Defendant incompetent and committed her to DCF. We remand this matter to. the trial court for further proceedings concerning Defendant’s competence and possible commitment, which are to be conducted pursuant to the above cited statutes and rules.
PETITION GRANTED; CASE REMANDED; ORDERS QUASHED.
SAWAYA and PALMER, JJ„ concur.