NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.R.C., )
)
        Appellant, )
)
v. )    Case Nos.   2D15-3718
)                    2D15-3727
STATE OF FLORIDA, )
)    CONSOLIDATED
        Appellee. )
_____)

Opinion filed February 8, 2017.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine-
Thomas and Robert A. Bauman, Judges.

Howard L. Dimmig, II, Public Defender, and
Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

       In these consolidated appeals, B.R.C. seeks review of a disposition order

withholding adjudication and sentencing him to probation in trial court cases 15-367 and

15-350. B.R.C. argues that the trial court failed to hold an adequate competency

hearing before proceeding with a bench trial in both cases. He also challenges the

finding of guilt in case number 15-367. We agree that the trial court failed to conduct an adequate competency hearing and thus reverse and remand for further proceedings, as explained below. We affirm B.R.C.'s remaining issue without discussion.

B.R.C. was charged with robbery and battery in case number 15-367 and burglary of an unoccupied dwelling and grand theft in case number 15-350. Both cases stem from separate incidents that occurred on January 24, 2015. On February 16, 2015, the trial court ordered a determination of B.R.C.'s mental condition in accordance with section 985.19, Florida Statutes (2014), and Florida Rule of Juvenile Procedure 8.095. A hearing was held on April 6, 2015, during which competency was to have been addressed, and the cases subsequently proceeded to trial.

In case number 15-367, B.R.C. was found guilty of robbery following a bench trial on August 7, 2015. In case number 15-350, B.R.C. was found guilty of burglary and petit theft following a bench trial on August 6, 2015. On August 18, 2016, the trial court withheld adjudication as to both cases and sentenced B.R.C. to probation. Because the trial court proceeded to trial without conducting an adequate competency hearing and making an independent determination as to whether B.R.C. was competent to proceed, we reverse and remand for further proceedings.

We review a trial court's decision regarding competency for an abuse of discretion, but questions of statutory interpretation are reviewed de novo. State v. D.V., 111 So. 3d 234, 236 (Fla. 4th DCA 2013). Section 985.19 addresses incompetency in juvenile delinquency cases and states:

> (1) If, at any time prior to or during a delinquency case, the court has reason to believe that the child named in the petition may be incompetent to proceed with the hearing,

the court on its own motion may . . . stay all proceedings and
order an evaluation of the child's mental condition.

All determinations of competency must be made at a hearing, and the court must make findings of fact based on mental evaluations provided by two to three experts appointed by the court. § 985.19(1)(b); Dep't of Children & Families v. O.C., 933 So. 2d 690, 691 (Fla. 5th DCA 2006).

Rule 8.095(a)(2) further provides that, if the court at any time prior to or during the adjudicatory hearing has reason to believe the juvenile may be incompetent to proceed, the court on its own motion "shall immediately stay the proceedings and fix a time for a hearing for the determination of the child's mental condition." If the child is found at the hearing to be competent to proceed, "the court shall enter an order so finding and proceed accordingly." Fla. R. Juv. P. 8.095(a)(3).

A court's determination of competency may not be based on a stipulation of competence; the court must make its own independent determination, even where all of the experts agree that the defendant is competent. Zern v. State, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) (citing Dougherty v. State, 149 So. 3d 677-78 (Fla. 2014) (discussing competency hearing requirements in criminal proceedings)). "Accepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial." Dougherty, 149 So. 3d at 678.

Here, the trial court was informed at the hearing on April 6, 2015, that B.R.C. was before the court on a "competency return" and that he had been evaluated by two doctors, both of whom found him competent to proceed. The trial court asked B.R.C.'s counsel, "Are you willing to stipulate then to competency?" Counsel

responded, "I will stipulate to the doctors reports." Counsel for the State was asked if the State was stipulating to the evaluation reports on B.R.C., and counsel responded, "Yes, he's competent. We'll stipulate to that." Following some discussion regarding transferring the case to another division, the trial court stated, "[B.R.C.] goes to the other division because he's been found competent." There was no further discussion regarding B.R.C.'s competence, and no written order was entered.

The trial court was required to make an independent determination regarding B.R.C.'s competency before proceeding with the bench trials, and the record does not support the State's argument that the trial court made an independent determination. Cf. Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (noting that the trial court considered the experts' reports at the competency hearing); Merriell v. State, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015) (observing that the trial court specifically noted it had reviewed the evaluations and found defendant competent). There is nothing in our record to suggest that the trial court read the evaluation reports. Rather, the court appears to have relied on stipulations of counsel regarding the evaluation reports. While counsel can stipulate to the use of written reports in lieu of testimony, this stipulation does not relieve the trial court of its obligation to make its own determination as to B.R.C.'s competency. Thus, we conclude that the trial court failed to conduct a proper competency hearing and make the required findings. Further, as the State concedes, the trial court erred in failing to issue a written order as to competency.

The remedy is generally to remand for a hearing on competency followed by a new trial if the defendant is found to be competent. However, the supreme court

has recognized that this is not always necessary, and a retroactive determination of competency is possible "where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Dougherty, 149 So. 3d at 679 (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)); see also Frye v. State, 41 Fla. L. Weekly D2151 (Fla. 2d DCA Sept. 16, 2016); Presley v. State, 199 So. 3d 1014, 1019 (Fla. 4th DCA 2016).

We reverse and remand the disposition order. If the court finds that B.R.C. was competent at the time of trial, it shall enter a nunc pro tunc written order memorializing this finding with no change in the disposition order. If the court finds B.R.C. was incompetent, or if the court is unable to make a retrospective determination of competency, it shall hold a new trial for each case, provided B.R.C. is determined to be competent to proceed.

Reversed and remanded for further proceedings.

KHOUZAM and SLEET, JJ., Concur.