DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASMINE CLARISE LITTLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2611

[November 27, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman and Sherwood Bauer, Judges; L.T. Case No. 432015CF000236A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Jasmine Little initially appealed her conviction and sentence as an adult following her plea on charge of aggravated battery on specified officials or employees. Of the three issues she raised on appeal, we affirmed all except one: whether the trial court erred in failing to hold a competency hearing and enter an order addressing her competency before accepting her plea. On that point, this court issued a non-dispositive opinion remanding the case to the trial court to hold a hearing to determine whether it could conduct a *nunc pro tunc* competency determination. *See Little v. State*, 44 Fla. L. Weekly D1231 (Fla. 4th DCA May 8, 2019).

On remand, the trial court determined that it could conduct a *nunc pro tunc* competency hearing.[1] At the end of that hearing the trial judge found that Little was competent at the time she entered her plea. Little now appeals that finding. The record shows that the succeeding trial judge appropriately acquainted himself with the record, enabling him to make an independent determination

---

[1] The judge who made this determination and presided over the competency hearing was not the same judge who accepted Little's plea and imposed her conviction and sentence.

that Little was competent to proceed when she entered her plea. *See Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017); *B.R.C. v. State*, 210 So. 3d 243, 245 (Fla. 2d DCA 2017); *Presley v. State*, 199 So. 3d 1014, 1018 (Fla. 4th DCA 2016). As a result, we affirm her conviction and sentence.

*Affirmed.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***