DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**O.L.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3411

[January 13, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case No. 56-2019-CJ-000204-A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

O.L., a child ("Appellant"), appeals his judgment and conviction for lewd or lascivious molestation (offender under 18, victim under 12). Appellant raises two issues on appeal: (1) whether under *E.A.R.,*[1] the court erred by following the Department of Juvenile Justice's ("DJJ") alternative recommendation to commit Appellant to a non-secure residential program followed by probation with special conditions; and (2) whether the court erred by failing to enter a written order finding Appellant competent to proceed prior to accepting his plea. Concluding that the court ruled correctly on both issues, we affirm.

---

[1] *E.A.R. v. State*, 4 So. 3d 614, 616–17 (Fla. 2009) (requiring "juvenile courts to justify departures from the [DJJ's] recommended dispositions by explaining a judge's 'reasons' for a departure in terms of the characteristics of the imposed restrictiveness level vis-à-vis the rehabilitative needs of the child" (footnotes omitted)).

Prior to entry of a plea to the aforementioned crime, Appellant was found to be incompetent to proceed and was transferred to the Apalachicola Forest Youth Camp. Upon completion of a competency evaluation a few months later, a report was prepared which concluded that Appellant was competent to proceed to trial. Thereafter, the court held a competency hearing. During the hearing, the court stated that it reviewed the report and "at this time, the Court will find . . . [Appellant] competent to stand trial." Defense counsel did not object to the court's competency finding. The court did not enter a written order of competency, and defense counsel did not bring the failure to enter a written competency order to the court's attention.

At the disposition hearing, the court reviewed DJJ's predisposition report containing its recommendation and alternative recommendation. The State asked the court to follow DJJ's alternative recommendation, requesting non-secure commitment followed by post-commitment supervision. Defense counsel objected to the State's request and asked the court to follow DJJ's recommendation and place "[Appellant] on probation and under a condition of that probation, for him to enroll in sexual offender counseling."

Following DJJ's alternative recommendation, the court sentenced Appellant to a non-secure residential program followed by post-commitment juvenile probation. In so doing, the court provided a detailed explanation for following the alternative recommendation. Defense counsel objected to the commitment, arguing the stated reasons were insufficient pursuant to *E.A.R.* The State countered the court requested that DJJ provide the court with an alternative recommendation with a restrictiveness level which the court imposed. Accordingly, the State argued this was not an *E.A.R.* deviation which would require specific findings justifying the imposition of the alternative recommendation. This appeal follows.

"The trial court errs if the DJJ only recommends probation and it commits the juvenile without requesting a DJJ restrictiveness recommendation for the commitment." *F.L.P. v. State*, 292 So. 3d 791, 794 (Fla. 4th DCA 2020). This Court has routinely reversed dispositions when a trial court orders commitment at a restrictiveness level different from that recommended by DJJ without making the requisite findings. *See, e.g.*, *D.A.H. v. State*, 212 So. 3d 399, 399 (Fla. 4th DCA 2017) (reversing commitment to non-secure residential program where DJJ recommended probation); *B.N. v. State*, 39 So. 3d 515, 516–17 (Fla. 4th DCA 2010) (reversing commitment to a moderate risk program where DJJ recommended probation); *E.E. v. State*, 7 So. 3d 1140, 1141–42 (Fla. 4th

2

DCA 2009) (reversing commitment to a moderate risk program over DJJ's recommendation of probation due to insufficient findings under *E.A.R.*). However, unlike here, in each of those cases, DJJ neither made an alternative commitment nor a restrictiveness level recommendation.

Here, DJJ recommended adjudication be withheld and probation. DJJ also provided an alternative recommendation which provided "[i]f the Court wishes to depart from the recommendation made by the Department, the restrictiveness level recommended would be Non-Secure and Direct Discharge." The predisposition report also provided that Appellant follow an intervention plan containing tasks and restrictive elements associated with safety, accountability, and counseling. The court followed the alternative DJJ recommendation, ordering Appellant to be committed to a non-secure residential program, followed by post-commitment juvenile probation with the same restrictive elements contained in DJJ's intervention plan.

Based upon the foregoing, we hold that the court was not required to make *E.A.R.* findings before sentencing Appellant to non-secure commitment because it followed the restrictiveness level recommended by DJJ. *See D.R. v. State*, 178 So. 3d 478, 482 (Fla. 4th DCA 2015) (trial court not required to make *E.A.R.* findings in ordering non-secure commitment where DJJ not only provided a recommendation of probation but also a restrictiveness level recommendation of non-secure if the court decided to commit the juvenile).

Appellant next argues that the court erred by failing to enter a written competency order. Based on the law as it existed at the time the State filed its answer brief, it correctly conceded error. *See Q.A. v. State*, 277 So. 3d 637, 637–38 (Fla. 5th DCA 2019); *B.R.C. v. State*, 210 So. 3d 243, 245–46 (Fla. 2d DCA 2017). However, in *Santiago-Gonzalez v. State*, 301 So. 3d 157, 175 (Fla. 2020) and *Craft v. State*, 45 Fla. L. Weekly S293, S297 (Fla. Nov. 19, 2020), the Florida Supreme Court recently held that if the court's failure to enter a written order finding defendant competent to proceed does not rise to the level of fundamental error, remand is not necessary for entry of a written nunc pro tunc order. In both cases, the supreme court noted that the trial judge's oral competency finding was fully supported by the record, and the failure to enter a written order was not brought to the trial judge's attention. *See Santiago-Gonzalez*, 301 So. 3d at 175; *Craft*, 45 Fla. L. Weekly at S297.

Here, the record reflects the court had the competency report from the Apalachicola Forest Youth Camp, reviewed the report at the competency hearing and, after making an independent determination, orally stated

3

that Appellant was competent to stand trial. Moreover, there was no objection to the court's reliance on the report or its competency findings. On these facts, the court did not commit fundamental error and we need not remand for entry of a written nunc pro tunc competency order.

*Affirmed.*

WARNER and FORST, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**