IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF CHILDREN
AND FAMILIES,

     Petitioner,

v.

NELCI S. TETLEY and
STATE OF FLORIDA,

     Respondents.

_____/

Case No.  5D22-2324
LT Case No. 2018-300200-CFDB

Opinion filed June 26, 2023

Petition for Certiorari Review of Order
from the Circuit Court for Volusia County,
Elizabeth A. Blackburn, Judge.

Jennifer L. Ware, Assistant General Counsel,
of Department of Children and Families,
DeLand, for Petitioner.

Matthew J. Metz, Public Defender, and John M.
Selden, Assistant Public Defender, Daytona Beach,
for Respondent, Nelci S.Tetley.

Ashley Moody, Attorney General, Tallahassee,
and Douglas T. Squire, Assistant Attorney General,
Daytona Beach, for Respondent, State of Florida.

PER CURIAM.

The Department of Children and Families petitions this Court for a writ of certiorari to quash an order of the circuit court that involuntarily committed Nelci S. Tetley to its care. We agree with the Department that the circuit court's order is not supported by clear and convincing evidence that Tetley meets the statutory criteria for involuntary commitment under section 916.13(1), Florida Statutes (2020), and we therefore grant the petition.

**I.**

In 2018, a grand jury returned an indictment charging Ms. Tetley with one count of first-degree murder. After the indictment was filed, Ms. Tetley's competency to proceed fell into question. The defense retained an expert to evaluate her competency, and the court appointed another expert to do so for the State.

On April 20, 2022, the defense's expert opined that, to a reasonable degree of medical certainty, Ms. Tetley is not competent to proceed to trial and "her competency to proceed is likely *not* restorable within the foreseeable future." He nonetheless recommended "that she be committed to a state psychiatric hospital for more intensive care and an attempt to restore her competency, as a change in conditions of confinement from jail

2

to hospital may effect some general medical improvement, which may result in better ability to understand and assist in her defense."

On August 18, 2022, the State's expert opined that, to a reasonable degree of medical certainty, Ms. Tetley is incompetent to proceed and "[r]estoration of competency is not likely . . . ." Even so, he recommended "that she receive ongoing psychiatric and psychological care and that she be placed in a supervised living situation to reduce the probability of her acting out with aggression toward others."

The circuit court subsequently held a hearing. Based on the State's expert's report, and upon stipulation of the State and the defense, the court entered an order that found Ms. Tetley incompetent to proceed due to mental illness and committed her to the Department. The Department then filed a motion to intervene and vacate the court's order, which was denied.

The Department has now filed a petition for a writ of certiorari in this Court, arguing that the circuit court's order departs from the essential requirements of the law because Ms. Tetley did not meet the criteria for involuntary commitment under section 916.13(1).

## II.

"[T]o obtain a writ of certiorari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the

3

remainder of the case (3) that cannot be corrected on postjudgment appeal." *Dep't of Child. & Fams. v. Lotton*, 172 So. 3d 983, 985 (Fla. 5th DCA 2015). "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." *Id.* "Although the Department was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available." *Id.*

**III.**

Under section 916.13(1), before a court involuntarily commits a defendant charged with a felony, it must make several findings supported by "clear and convincing evidence," and those findings "must be based on experts' opinions because they involve the diagnosis and treatment of mental illness." *Lotton*, 172 So. 3d at 987–88. Among the required findings is that "[t]here is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future." § 916.13(1)(c), Fla. Stat. (2020).

In *Department of Children & Families v. Rodriguez*, 267 So. 3d 1087 (Fla. 5th DCA 2019), we granted the Department's petition for a writ of

4

certiorari and quashed the trial court's commitment order where the expert opined that the defendant "was 'not likely restorable to competency.'" *Id.* at 1087. We did so even though the expert recommended that the defendant "participate in certain treatment." *Id.*

This case is controlled by *Rodriguez*. We acknowledge that both experts recommended that Ms. Tetley undergo certain treatment, but the experts also unequivocally opined that "her competency to proceed is likely *not* restorable within the foreseeable future" and "[r]estoration of competency is not likely." On this record, there can be no clear and convincing evidence to indicate a substantial probability that Ms. Tetley will regain competency in the reasonably foreseeable future. Therefore, the circuit court departed from the essential requirements of the law when it involuntarily committed Ms. Tetley under section 916.13(1). And under well-established precedent, a writ of certiorari is the proper remedy. *See Lotton*, 172 So. 3d at 985; *see also, e.g.*, *Rodriguez*, 267 So. 3d at 1088.

## IV.

For the foregoing reasons, we must grant the Department's petition for writ of certiorari, quash the circuit court's order of involuntary commitment, and remand for further proceedings. We deny as moot the Department's motions for stay and for expedited review.

PETITION GRANTED; ORDER QUASHED; MOTION TO EXPEDITE REVIEW DENIED AS MOOT; MOTION FOR STAY PENDING REVIEW DENIED AS MOOT; and REMANDED.

LAMBERT, C.J., WALLIS and PRATT, JJ., concur.