# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D23-2362
LT Case No. 2020-CJ-000401
_____

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Petitioner,

    v.

J.G., a Child, and STATE OF
FLORIDA,

    Respondents.

_____


Petition for Certiorari Review of Order from the Circuit Court for Lake County.
Cary Frank Rada, Judge.

Joyce L. Miller, Assistant General Counsel, of Department of Children and Families, Tavares, for Petitioner.

Michael A. Graves, Public Defender, and Robyn Anne Hudson, Assistant Public Defender, Tavares, for Respondent, J.G., a Child.

Ashley Moody, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Respondent, State of Florida.


November 9, 2023


PER CURIAM.

The Department of Children and Families ("DCF") petitions this Court for a writ of certiorari to quash an order of the circuit court that committed J.G. ("the minor") to DCF for competency restoration services. Because the minor's alleged incompetence stems from his age and immaturity rather than a mental illness, intellectual disability, or autism, we grant the petition and quash the order under review.

**I.**

The minor has been charged by petition for juvenile delinquency. In that petition, the State alleges that, in February 2020, when he was approximately 13 years and nine months old, the minor committed several sexual offenses against a younger child who was under the age of 12.

On September 1, 2020, a psychologist evaluated the minor a concluded that he was incompetent to proceed. The psychologist found that the minor "displays overall immaturity caused by his young age and has limited insight into his own behavior, which precludes his ability to rationally understand the requirements of the law for competency to proceed." The psychologist also opined that this immaturity "will likely remedy with age, experience, psychotherapy, and continued academic education."

On April 21, 2022, a psychiatrist evaluated the minor and likewise concluded he was not competent to proceed. However, the psychiatrist concluded that the minor had "no current diagnosable mental illness," and he could become competent "with some basic education about the process, the roles of the various individuals in the court room, and the importance of being honest and forthcoming with his attorney."

On June 27, 2023—more than a full year after the minor's second competency evaluation—the circuit court adjudged the minor incompetent to proceed, and it committed him to DCF for the provision of competency restoration services. The court concluded that the minor does not presently risk bodily harm to himself or others and likewise does not pose a risk of injurious self-neglect. Therefore, the court concluded that he "does not meet the criteria for secure placement" under section 985.19(3), Florida

2

Statutes (2023). The court instead directed DCF to "place the child within a community treatment program." DCF then filed its petition for a writ of certiorari in this Court, arguing that the minor's commitment to DCF departs from the essential requirements of the law.

## II.

"[T]o obtain a writ of certiorari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Dep't of Child. & Fams. v. Lotton*, 172 So. 3d 983, 985 (Fla. 5th DCA 2015) (internal quotation marks omitted). "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." *Id.* (internal quotation marks omitted). Although DCF was party to neither the juvenile case nor the commitment proceeding, "it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available." *Id.* (internal quotation marks omitted).

## III.

Section 985.19(2), Florida Statutes (2023), generally requires commitment to DCF of incompetent minors charged with felony-level delinquent acts or offenses. However, the statute provides the following exception: "A child who has been adjudicated incompetent to proceed because of age or immaturity, or for any reason other than for mental illness, intellectual disability, or autism, must not be committed to the department or to the Department of Children and Families for restoration-of-competency treatment or training services." § 985.19(2), Fla. Stat.

The statutory exception undoubtedly applies here. Both medical professionals found the minor incompetent to proceed due to his age and immaturity rather than a mental illness, intellectual disability, or autism. On this record, therefore, the circuit court lacked any competent evidence that could justify its commitment of the minor. Its commitment thus departed from the essential requirements of the law, and a writ of certiorari is warranted. We therefore grant the petition, quash the order under

3

review, and remand the case to the circuit court for further proceedings consistent with our opinion.[*]

PETITION GRANTED; ORDER QUASHED; REMANDED.

EDWARDS, C.J., and PRATT, J., concur.
MAKAR, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[*] We also note the State's assertion that the competency evaluations were stale at the time the court issued its order. The first evaluation took place when the minor was 14 years old, and the second took place as he neared his sixteenth birthday. The court issued its competency determination over a year later, when the minor was 17 years old. *See, e.g.*, *In re Commitment of Reilly*, 970 So. 2d 453, 455 (Fla. 2d DCA 2007); *Brockman v. State*, 852 So. 2d 330, 333–34 (Fla. 2d DCA 2003). However, because DCF's petition does not place at issue whether the evaluations were too stale to support a finding of incompetency, we decline to reach the question.

4

MAKAR, J., concurring.

I concur in the disposition of this case because the minor does not meet the commitment criteria in section 985.19, Florida Statutes, and, additionally, because the competency evaluations upon which the trial judge relied were outdated. *See, e.g., Brockman v. State*, 852 So. 2d 330, 333 (Fla. 2d DCA 2003) (finding two reports, one eleven months old and the other four months old, were inadequate to show defendant's present competency to stand trial; "The question of competence is whether the defendant has a sufficient *present* ability to consult with his attorney and whether the defendant has a *present* rational and factual understanding of the proceedings against him."). Should an issue of the minor's competence continue to exist in this case, the trial court has an obligation to "order an updated examination of [the minor] and schedule a competency hearing." *Id.* at 334.