# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D24-50
LT Case Nos. 2020-CF-001108
2020-CF-001145

———————————————

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Petitioner,

    v.

JAMALAH LEWIS and STATE OF
FLORIDA,

    Respondents.

———————————————

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County.
William S. Orth, Judge.

Logan Bartholomew, Assistant Regional Counsel, of Department
of Children and Families, Orlando, for Petitioner.

Kepler B. Funk, Keith F. Szachacz, and Alan S. Diamond, of
Funk, Szachacz & Diamond, LLC, Melbourne, for Respondent,
Jamalah Lewis.

Ashley Moody, Attorney General, Tallahassee, and Douglas T.
Squire, Assistant Attorney General, Daytona Beach, for
Respondent, State of Florida.

February 9, 2024

LAMBERT, J.

The Department of Children and Families ("DCF") petitions this court for a writ of certiorari to quash an order of the circuit court that involuntarily committed to its care the respondent, Jamalah Lewis, who is a defendant in pending cases on the circuit court's felony docket. DCF argues that there was no clear and convincing evidence before the court for the court to find that Lewis met the criteria for commitment under section 916.13, Florida Statutes (2023), because there was no recent or current evaluation from an expert witness supporting the order for involuntary commitment. DCF also argues that the circuit court's own observations are not sufficient, by themselves, to order Lewis to be involuntarily committed to its care.

Based upon this court's very recent decision in *Department of Children & Families v. Kirshner*, Case No. 5D23-3533, 2024 WL 387175, at *2 (Fla. 5th DCA Feb. 2, 2024) (granting DCF's petition for writ of certiorari and quashing order involuntarily committing the defendant to DCF's care when the commitment order was based on a stale expert evaluation), and *Department of Children & Families v. Lotton*, 172 So. 3d 983, 987–88 (Fla. 5th DCA 2015) (holding that "[u]nder section 916.13, the findings necessary for commitment must be based on experts' opinions because they involve the diagnosis and treatment of mental illness" and that "[w]ithout reports or testimony from experts who examined and evaluated the defendant, no trial court can be in a position to make the appropriate findings, supported by clear and convincing evidence"), we grant the petition, quash the order of involuntary commitment, and remand for further proceedings.[1]

PETITION GRANTED; ORDER QUASHED; REMANDED for further proceedings.

MAKAR and EISNAUGLE, JJ., concur.

---

[1] Based upon our decision, DCF's motion for stay that is embedded in its petition is denied as moot.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____