DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DEPARTMENT OF CHILDREN AND FAMILIES,

Petitioner,

v.

ANTHONY SARDO and STATE OF FLORIDA,

Respondents.

No. 2D2025-2311

_____

May 8, 2026

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Christopher M. LaBruzzo, Judge.

Nandie R. Sharma, Assistant Regional Counsel, Department of Children
and Families, Tampa, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General, Tampa, for Respondent State of
Florida.

No appearance for Respondent Anthony Sardo.


PER CURIAM.

The Department of Children and Families has petitioned for a writ
of certiorari seeking to quash an order adjudging Anthony Sardo
incompetent to proceed in his criminal case and committing him to the
Department's custody.  The State of Florida, a respondent here,

acknowledges that the evidence before the circuit court did not satisfy the statutory criteria for involuntarily committing Sardo. We grant the petition and quash the order insofar as it commits Sardo to the custody of the Department. We take no issue with the determination that Sardo is incompetent.

The State charged Sardo with felony burglary. When it became apparent that Sardo might not be competent to stand trial, the circuit court followed the procedures set forth in Florida Rule of Criminal Procedure 3.210(b) and section 916.12, Florida Statutes (2025), to assess his competency. Two experts evaluated Sardo, and both of them found that he was incompetent to proceed. Importantly, they both also recommended that the court place him in a residential facility within the community. Their reports did not address other placement options.

The circuit court referred Sardo to Suncoast Center, a certified behavioral health clinic. Suncoast Center reported that it could not procure a placement for Sardo. Based on the clinic's inability to place Sardo, the court determined that "the least restrictive option that is available for [Sardo] is the State Hospital." The court issued an order committing Sardo to the Department's care with an instruction to place him in a state mental health facility for treatment. The Department seeks relief from this order.

"[T]o obtain a writ of certiorari, there must exist '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post judgment appeal.' " *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). The parties do not dispute that the Department has satisfied the jurisdictional prongs of this test. *See Dep't of Child. & Fams.*

2

*v. Campbell*, 295 So. 3d 868, 870 (Fla. 5th DCA 2020) (holding that an order wrongfully committing a person to a state agency's care creates a "material injury" because the agency "is responsible for expending its appropriated funds in accordance with the laws governing the agency" and the Department has "no direct right of appeal").  "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily."  *Reilly v. State*, 970 So. 2d 453, 455 (Fla. 2d DCA 2007).  The question remaining is whether the order departed from the essential requirements of law.

A defendant must be mentally competent for a court to proceed with any material stage of a criminal prosecution.  Fla. R. Crim. P. 3.210(a).  When a court finds that the defendant is incompetent to proceed, it must then determine an appropriate treatment and placement as prescribed in section 916.13(1):

> (1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
>
> . . . .
>
> (b) *All available, less restrictive treatment alternatives,* including treatment in community residential facilities, community inpatient or outpatient settings, and any other mental health services, treatment services, rehabilitative services, support services, and case management services as described in s. 394.67, which would offer an opportunity for improvement of the defendant's condition *have been judged to be inappropriate.*

(Emphasis added.)  Under the plain language of this statute, a court must consider a plethora of "less restrictive treatment alternatives" and find that they are inappropriate by "clear and convincing evidence" before involuntarily committing a defendant to a government facility for treatment.  *Id.*

In this case, the circuit court erred when applying this statute. Both expert reports recommended committing Sardo to a community residential facility. Thus, the clear and convincing evidence only supported a community placement absent the court's finding that all available less restrictive treatment alternatives were inappropriate. *See Gatlin v. State*, 79 So. 3d 202, 203 (Fla. 2d DCA 2012) (holding the trial court's finding that less restrictive alternatives to involuntary commitment were judged to be inappropriate was not supported by clear and convincing evidence where both experts recommended community treatment). Suncoast Center's report that it could not find a placement for Sardo was not, on its own, clear and convincing proof that there was no such community placement available from other sources. *See* § 916.13(1)(b).

Further, section 916.13(1)(b) plainly requires a court to consider all of the less restrictive options listed therein before ordering an involuntary commitment. *See Thomas v. State*, 93 So. 3d 404, 407 (Fla. 2d DCA 2012) (quashing the portion of the court's order involuntarily committing the defendant to the Department when neither expert's report addressed availability of less restrictive alternatives). Here, it does not appear that the court ever considered any "other mental health services, treatment services, rehabilitative services, support services, and case management services as described in s. 394.67." § 916.13(1)(b). And the court had no evidentiary basis for concluding that any of those options would be inappropriate.

For these reasons, we grant the petition and quash the portion of the order that committed Sardo to involuntary commitment with the Department. *See Thomas*, 93 So. 3d at 407.

4

NORTHCUTT, ROTHSTEIN-YOUAKIM, and SMITH, JJ., Concur.

_____

Opinion subject to revision prior publication.